UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT S. BEYER, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1485 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Robert S. Beyer, II's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 19, 2016. This cause will be dismissed for lack of subject matter jurisdiction.

On September 8, 2016, following a trial by jury, petitioner was convicted of one count of wire fraud and one count of engaging in an unlawful monetary transaction involving criminally derived property. (*USA v. Beyer*, No. 4:14-CR-318-RLW, Docket No. 140). Petitioner's sentencing is scheduled for December 7, 2016.

This Court has jurisdiction over petitions filed pursuant to § 2255 to prisoners "in custody under sentence," and specifically:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Because petitioner has not yet been sentenced, he is not "in custody under sentence" as required to establish subject matter jurisdiction in this Court. Rule 12(h)(3) of the Federal Rules of Civil Procedure requires that the Court dismiss any action over which it lacks jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2255 and all of his claims arising herein are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause, inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

A separate Order of Dismissal will be entered.

Dated this 22nd day of September, 2016.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE